IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | | |
|---|---|---|
| CAROLYN L. ALEXANDER, | : | |
| | : | |
| Plaintiff, | : | |
| | : | |
| v. | : | Case No. 3:24-cv-00017-CDL |
| | : | |
| MELANIE SIMON, *et al.*, | : | |
| | : | |
| Defendants. | : | |
| _____ | | |

**ORDER**

On February 28, 2024, Plaintiff filed a complaint alleging claims under the False Claims Act (ECF No. 1). The same day, Plaintiff also filed an application for leave to proceed *in forma pauperis* ("IFP") (ECF No. 2). Plaintiff, however, failed to provide sufficient information for the Court to determine whether she qualified to proceed IFP, so the Court ordered Plaintiff to recast her motion for leave to proceed IFP (ECF No. 4). Plaintiff has now filed a recast motion for leave to proceed IFP (ECF No. 5).

However, Plaintiff's recast motion does not cure the deficiencies previously noted by the Court. In its order to recast, the Court noted that it was implausible that Plaintiff reported having disability income of $743.00 but $4,144.21 in monthly expenses. Order to Recast 1, ECF No. 4. In annual terms, Plaintiff's income was reportedly $8,916, with $49,731 in expenses. *Id.* at 1 n.1. In her recast motion, Plaintiff avers that she still has $743.00 in monthly income, but she now claims $7,842.62 in monthly expenses. Recast IFP Motion 1-5, ECF No. 5. In other words, Plaintiff's annual income has reportedly

remained the same at $8,916, but her expenses now amount to $94,111 annually, which is nearly double the amount of expenses Plaintiff previously reported. These recast expenses include Plaintiff's monthly rent of $269.21, together with $1,100.00 per month in city and county taxes, plus $811.00 in home insurance, plus another $300.00 per month in additional city and county taxes, along with $1,000.00 per month for home maintenance, among other expenses. Recast IFP Motion 4-5. Simply put, Plaintiff's recast IFP motion is even more implausible on its face.

Neither do Plaintiff's explanations help the Court understand how she subsists when she reports such an enormous discrepancy between her alleged income and her alleged expenses. Plaintiff reports that she was abused, and her benefits were taken, that she has lupus and does not work, that she was attacked by "racist white people" who surrounded her like "KKK" at work, and she was pushed out of a job. *Id.* at 2. Assuming for the sake of argument those allegations are true, they do not address the issue before the Court: whether Plaintiff can pay the filing fees or costs. The Court is left with a facially implausible recast motion for leave to proceed IFP with no explanation for the enormous difference between her income and expenses, let alone the vast difference between Plaintiff's expenses in her initial IFP motion and her recast motion.

Accordingly, because the Court found Plaintiff's initial affidavit implausible on its face, and because Plaintiff has failed to file a recast motion that is not implausible on its face, Plaintiff's motions for leave to proceed IFP (ECF Nos. 2, 5) are **DENIED**. Plaintiff is **ORDERED** to pay the full $405.00 filing fee **WITHIN SEVEN (7) DAYS** of the date of this Order. Failure to comply with this Order will result in the Court recommending the

dismissal of this action.

**SO ORDERED**, this 9th day of April, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE