IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
ATHENS DIVISION

| | |
|---|---|
| CAROLYN L. ALEXANDER, : | |
| : | |
| Plaintiff, : | |
| v. : | Case No. 3:24-cv-00017-CDL-MSH |
| : | |
| MELANIE SIMON, *et al.*, : | |
| : | |
| Defendants. : | |
| _____ : | |

**ORDER**

On February 28, 2024, Plaintiff filed a *pro se* complaint (ECF No. 1). On May 6, 2024, the Court granted her renewed motion for leave to proceed *in forma pauperis* ("IFP") (Docs. 7, 8). As a result, the Court must perform a frivolity review of her complaint. Having done so, for the following reasons, Plaintiff is ordered to recast her complaint.

Under 28 U.S.C. § 1915(e)(2), once a court grants a plaintiff's motion for leave to proceed IFP, "the court shall dismiss the case at any time if the court determines that . . . the action or appeal . . . (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." An action is frivolous when the complaint "lacks an arguable basis either in law or in fact." *Neitzke v. Williams,* 490 U.S. 319, 325 (1989). Additionally, "[a] case is frivolous if the factual allegations are 'clearly baseless,' or if it is based on an 'indisputably meritless' legal theory." *Johnson v. Wilbur*, 375 F. App'x 960, 963 (11th Cir. 2010) (per curiam) (quoting *Carroll v. Gross*, 984 F.2d 392, 393 (11th Cir. 1993) (per curiam)).

A complaint fails to state a claim if it does not include "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). The factual allegations in a complaint "must be enough to raise a right to relief above the speculative level" and cannot "merely create[] a suspicion [of] a legally cognizable right of action[.]" *Twombly*, 550 U.S. at 555 (second alteration in original). In other words, the complaint must allege enough facts "to raise a reasonable expectation that discovery will reveal evidence" supporting a claim. *Id.* at 556. "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Iqbal*, 556 U.S. at 678.

"*Pro se* pleadings are held to a less stringent standard than pleadings drafted by attorneys and are liberally construed." *Bingham v. Thomas*, 654 F.3d 1171, 1175 (11th Cir. 2011) (per curiam) (quotation marks omitted). Nevertheless, while "[c]ourts do and should show a leniency to *pro se* litigants not enjoyed by those with the benefit of a legal education[,]" the Court is not permitted "to serve as *de facto* counsel for a party" by "rewrit[ing] an otherwise deficient pleading in order to sustain an action[.]" *GJR Invs., Inc. v. Cnty. of Escambia, Fla.*, 132 F.3d 1359, 1369 (11th Cir. 1998), *overruled on other grounds as recognized in Bilal v. Geo Care, LLC*, 981 F.3d 903, 911 (11th Cir. 2020).

In this case, Plaintiff appears to assert an action under 31 U.S.C. § 3730, part of the False Claims Act. In pertinent part, Plaintiff alleges "contractor fraud" against Keith Alderson—allegedly a contractor at the United States Department of the Treasury—because he submitted false claims against Plaintiff. Compl. 2, 4, ECF No. 1. Although

unclear, Plaintiff appears to relate some medical bills totaling $15,000.00, with acts committed by Mr. Alderson, as well as Melanie Simon, who is allegedly General Counsel for the Georgia Department of Community Health and Human Services, along with Plaintiff's alleged Chapters 13 and 7 bankruptcy actions, and an alleged theft of $4,264.00 in Plaintiff's income tax. *Id.* at 2, 4. Plaintiff also alleges she is disabled, she has been defamed, and she also sues Georgia Governor Brian Kemp, as well as Russell Carlson, the Commissioner of the Georgia Department of Community Health. *Id.* at 2, 4.

"The False Claims Act is the primary law on which the federal government relies to recover losses caused by fraud." *Bingham v. HCA, Inc.*, 783 F. App'x 868, 870 (11th Cir. 2019) (per curiam) (quoting *McNutt ex rel. United States v. Haleyville Med. Supplies, Inc.*, 423 F.3d 1256, 1259 (11th Cir. 2005)). Private persons may

> file a form of civil action (known as *qui tam*) against, and recover damages on behalf of the United States from, any person who . . . "knowingly presents, or causes to be presented . . . a false or fraudulent claim for payment or approval . . . [or] knowingly makes, uses, or causes to be made or used, a false record or statement to get a false or fraudulent claim paid or approved by the Government."

*Id.* (alterations in original) (quoting *United States ex rel. Clausen v. Lab. Corp. of Am., Inc.*, 290 F.3d 1301, 1307 (11th Cir. 2002)). "The purpose of the Act . . . is to encourage private individuals who are aware of fraud being perpetrated against the government to bring such information forward." *Ragsdale v. Rubbermaid, Inc.*, 193 F.3d 1235, 1236 n.1 (11th Cir. 1999) (emphasis added) (citing *United States ex rel. Williams v. NEC Corp.*, 931 F.2d 1493, 1497 (11th Cir. 1991)).

The False Claims Act, however, does not permit recovery of damages for acts

committed against a private individual. Rather, a *qui tam* plaintiff

> is instead filing suit on behalf of the United States, for a fraud committed against the United States, and as a partial assignee of the United States' damages claim. Indeed, "[a] qui tam relator has suffered no [] invasion [of a legally protected right]," and it is "the United States' injury [that] suffices to confer standing on [the relator]."

*Yates v. Pinellas Hematology & Oncology, P.A.*, 21 F.4th 1288, 1309 (11th Cir. 2021) (alterations in original) (internal citations omitted). "The False Claims Act does not create liability merely for a health care provider's disregard of Government regulations or improper internal policies unless, as a result of such acts, the provider knowingly asks the Government to pay amounts it does not owe." *United States ex rel. Clausen*, 290 F.3d at 1311 (citation omitted). "Without the presentment of such a claim [to the Government], while the practices of an entity that provides services to the Government may be unwise or improper, there is simply no actionable damage to the public fisc as required under the False Claims Act." *Id.* (citation omitted).

Additionally, the False Claims Act is a "fraud statute" for the purposes of Federal Rule of Civil Procedure 9(b). *Id.* at 1309-10 (holding that Rule 9(b) applies to False Claims Act actions). "Generally, federal civil complaints need only state 'a short and plain statement of the claim showing that the pleader is entitled to relief.' And each averment should be 'simple, concise, and direct,' with no technical form of pleading required." *Id.* at 1308 (quoting Fed. R. Civ. P. 8(a) and (e)). However, in all claims of fraud or mistake, "'the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.'" *Id.* (quoting Fed. R. Civ. P. 9(b)). Complaints filed pursuant to the False Claim Act that do

4

not meet Rule 9(b)'s requirements of particularity are subject to dismissal. *Id.* at 1310 (collecting cases of dismissal for failure to comply with Rule 9(b)).

Finally, there are additional procedures to follow when filing a proper False Claims Act action. These include, among others, the filing of the complaint *in camera*, sealing of the complaint for at least sixty (60) days, and the complaint is not served on the defendant until the Court orders. 31 U.S.C. § 3730(b)(2).

Here, Plaintiff has not alleged a claim has been submitted against the Government. Rather, she alleges that she was subjected to false claims filed against her. Further, Plaintiff has not pleaded with particularity the circumstances constituting fraud or mistake. While Plaintiff need not prove her allegations at the pleading stage, this Court "cannot be left wondering whether [she] has offered mere conjecture or a specifically pleaded allegation on an essential element of the lawsuit." *Id.* at 1313. As a result, the Court will afford one opportunity to recast her complaint.

Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to file a recast complaint to address these shortcomings. Plaintiff's recast complaint shall take the place of and supersede all allegations made in the original complaint. The Court will, therefore, consider only the factual allegations and claims contained in Plaintiff's recast complaint. The Court will not consider those facts contained in Plaintiff's original complaint or other documents submitted to the Court. Accordingly, any fact Plaintiff deems necessary to prosecute her lawsuit should be clearly stated in her recast complaint, even if Plaintiff has previously alleged it in another filing.

Plaintiff shall also clearly identify those individuals she wishes to include as named

5

defendants in this case.  It is also recommended that, when drafting her recast statement of claims, Plaintiff succinctly state in a numbered list (1) *who* Plaintiff seeks to include as a defendant, (2) *what* each defendant did to violate the False Claims Act, (3) *when* and *where* each action occurred, and (4) *how* the Government was injured by each defendant's actions.  Because Plaintiff appears to assert a claim under the False Claims Act, Plaintiff must be mindful of her obligation to comply with the specificity rule when pleading acts of fraud or mistake.  *See* Fed. R. Civ. P. 9.  Finally, Plaintiff must comply with all of the procedures mandated by the False Claims Act if she wishes to continue with her claims under the Act.  *See* 31 U.S.C. § 3730(b).

The Court warns Plaintiff that that it may dismiss her action without prejudice pursuant to Federal Rules of Civil Procedure Rule 41(b) for failure to prosecute and failure to comply with a court order.  *See* Fed. R. Civ. P. 41(b); *see also Betty K. Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (explaining that a court may *sua sponte* dismiss an action pursuant to Federal Rules of Civil Procedure Rule 41(b)); *Smith v. Bruster*, 424 F. App'x 912, 914 (11th Cir. 2011) ("[T]he district court may *sua sponte* dismiss an action pursuant to Federal Rule of Civil Procedure 41(b) if the plaintiff fails to comply with court rules or a court order.").  Rule 11(b) of the Federal Rules of Civil Procedure also prohibits the filing of "a pleading, written motion, or other paper . . . for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation."  Fed. R. Civ. P. 11(b).  If an attorney or unrepresented party violates this rule, the Court may order sanctions on its own initiative, including "reasonable attorney's fees and other expenses directly resulting from the violation."  Fed. R. Civ. P.

6

11(c)(4).

In summary, Plaintiff shall have **TWENTY-ONE (21) DAYS** from the date of this Order to submit a recast complaint. Plaintiff is also advised that she must immediately notify the Clerk of Court of any address change. Her failure to fully and timely comply with this Order—including failing to notify the Clerk of any address change—will result in the dismissal of this action.

**SO ORDERED**, this 9th day of May, 2024.

/s/ Stephen Hyles
UNITED STATES MAGISTRATE JUDGE